# Laurel Run Red Stone Co. *v.* Herrick Construction Company, Appellant.

*Practice, C. P. — Assumpsit — Statements of claim — Amended statement—Affidavit of defense—Judgment for want of an affidavit.*

Where in an action of assumpsit, the court determined that the affidavit was insufficient, and thereafter an amended statement was filed, but defendant failed to file an affidavit of defense thereto, although he had notice of the amended statement, the court properly entered judgment for the plaintiff for want of an affidavit of defense.

Argued April 11, 1916. Appeal, No. 27, Jan. T., 1916, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1915, No. 1519, for plaintiff for want of an affidavit of defense, in case of A. R. Smith and John S. Traill, doing business as Laurel Run Red Stone Company, in their own right and said Smith and Traill to the use of D. M. Rosser, v. Herrick Construction Company. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

208 LAUREL RUN R. S. CO v. HERRICK C. CO., Appellant.

Assumpsit for breach of contract.   Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for want of an affidavit of defense.   Defendant appealed.

*Error assigned* was the order of the court.

*Wm. C. Price,* with him *M. J. Mulhall,* for appellant.

*Thomas F. Farrell,* for appellee.

PER CURIAM, May 23, 1916:

In this case the court below was of opinion that the affidavits of defense filed to the original statement of claim were evasive and insufficient; but as an amended statement of claim was filed, the court held that the complete new statement had the effect of a first statement, filed after the return day, and that fifteen days after notice thereof the plaintiff was entitled to judgment against defendant in case of failure to file an affidavit of defense. The propriety of this rule as adopted by the court below cannot be questioned.   It was here found as a fact, that counsel for defendant had notice of the filing of the amended statement, and that he failed to file an affidavit of defense thereto.   Judgment was, therefore, properly entered for the plaintiff.

Judgment affirmed.